IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TIMOTHY WAYNE BOHANNON,

    Petitioner,

v.                                          No. 13-1255

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DENYING PETITION AND DENYING CERTIFICATE OF APPEALABILITY

---

*INTRODUCTION*

Before the Court is the *pro se* pleading of the Petitioner, Timothy Wayne Bohannon, for relief pursuant to 28 U.S.C. § 2255 or, in the alternative, for a writ of error *audita querela* (the "Petition") (D.E. 1).[1] Bohannon, Bureau of Prisons register number 26462-001, is an inmate at the Federal Correctional Institution in Yazoo City, Mississippi. For the reasons articulated herein, the Petition is DENIED.

*BACKGROUND*

On October 17, 2005, Bohannon was charged in a two-count indictment for being a felon in possession of a firearm. The case was tried by a jury, who returned a guilty verdict. He was sentenced as an armed career criminal on December 21, 2007 to the statutory mandatory minimum period of 180 months. Petitioner filed a notice of appeal but later moved for its

---

[1] Bohannon also sought appointment of counsel in the Petition and in a separate motion filed the same day. (D.E. 1, 2.) In an order entered January 28, 2014, the requests were denied. (D.E. 4.)

dismissal. The Sixth Circuit Court of Appeals granted Bohannon's motion for voluntary dismissal of his appeal on February 11, 2008. The Petition was filed on September 9, 2013.

## *THE PETITION*

Bohannon seeks relief based on the following:

1. The Petitioner submits that his sentence under the Armed Career Criminal [Act] (ACCA) 18 U.S.C. § 924(e) is invalid under *Descamps v. United States*, [133 S. Ct. 2276 (2013)][;]

2. The Petitioner['s] prior convictions [of] "burglary of a habitation" (aggravated burglary) un[d]er Tennessee Code Ann[otated] § 39-14-403 does not require "the unlawful entry of a building"[;]

3. Tennessee Code Ann[otated] § 39-14-403, 402[ and] 401 contain[] [an] indivisible set of elements, broadly defining "habitation" and "burglary"[; and]

4. Whether relief is available under applicable provisions of [a] § 2255 [petition] and[/]or writ of error *audita querela*, due to a fundamental miscarriage of justice.

(*Id.* at 4.)

## *LEGAL STANDARD*

Section 2255(a) provides that

> [a] prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to succeed on a motion under the statute, a petitioner must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Shaw v. United States*, 604 F. App'x 473, 476 (6th Cir. 2015) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

## ANALYSIS OF PETITIONER'S CLAIMS

In response to the § 2255 claim, the Respondent, the United States of America, argues that the relief sought is time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), provides that

> A [one]-year period of limitation shall apply to a motion under [§ 2255]. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Petition implicates subparagraph (3). Specifically, it is predicated on new rights set forth in the United States Supreme Court's June 20, 2013 decision in *Descamps*. Under § 2255(f)(3), if the Supreme Court decides a case initially recognizing a right, a federal prisoner seeking to assert that right has one year from the Court's decision within which to file his § 2255 petition. *Dodd v. United States*, 545 U.S. 353, 357 (2005). However, as noted in the statute, he may do so only if (1) the right has been newly recognized by the Court and (2) it has been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3); *Dodd*, 545 U.S. at 359.

The ACCA "increases the sentences of certain federal defendants who have three prior convictions for a 'violent felony,' including 'burglary, arson, or extortion.'" *Descamps*, 133 S. Ct. at 2281. "To determine whether a past conviction is for one of those crimes, courts use what has become known as the 'categorical approach.'" *Id.* That is, they are to "compare the elements of the statute forming the basis of the [past] conviction with the elements of the 'generic' crime -- i.e., the offense as commonly understood." *Id.* "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." *Id.*

Courts have used a variant of this methodology -- the "modified categorical approach" -- "when a prior conviction is for violating a so-called 'divisible statute.'" *Id.* A divisible statute

> sets out one or more elements of the offense in the alternative – for example, stating that burglary involves entry into a building *or* an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

*Id. Descamps* dealt with the issue of whether sentencing courts may consider these additional materials when the defendant was convicted of an "indivisible" statute, that is, "one not containing alternative elements – that criminalizes a broader swath of conduct than the relevant generic offense." *Id.* The Court found they may not. *Id.* at 2281-82. Bohannon argues that, based on the Supreme Court's decision, Tennessee's "indivisible" and "broad" burglary statute was wrongly utilized as an ACCA predicate in the enhancement of his sentence.

However, Petitioner's reliance on *Descamps* is misplaced, as it does not satisfy the requirements of § 2255(f)(3). First, its result was not a break with the past but one dictated by

4

prior precedent. The Supreme Court noted in its opinion that its "caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case" and criticized the Ninth Circuit Court of Appeals, whose decision it reversed, stating that "[b]y this point, it should be clear that the Ninth Circuit's new way of identifying ACCA predicates has no roots in our precedents." *Id.* at 2283, 2287. The Sixth Circuit, in *United States v. Davis*, 751 F.3d 769 (6th Cir. 2014), observed that "[t]he Supreme Court in *Descamps* explained that it was not announcing a new rule, but was simply reaffirming" the approach articulated in previous decisions, "which some [lower] courts had misconstrued." *Davis*, 751 F.3d at 775; *see also United States v. McKinney*, No. 1:14-CV-02152, 2015 WL 770312, at *2 (N.D. Ohio Feb. 23, 2015) ("*Descamps* neither announced a new rule nor restarted the [§ 2255] limitations period."), *app. filed* (Mar. 4, 2015); *Jordan v. Butler*, Civ. Action No. 6:14-159-DCR, 2014 WL 6775239, at *3 (E.D. Ky. Dec. 2, 2014) ("*Descamps* did not announce a new rule, but simply reaffirmed" the Supreme Court's previous approach); *Hill v. United States*, Civ. No. 04-1134-JDT-egb, 2014 WL 5460626, at *2 (W.D. Tenn. Oct. 27, 2014) ("The *Descamps* opinion simply applied existing doctrine.").

Second, courts in this Circuit have determined that *Descamps* has no retroactive application to cases on collateral review. *See Garcia-Valenzuela v. Butler*, Civ. Action No. 6:15-CV-39-KKC, 2015 WL 4373417, at *4 (E.D. Ky. July 14, 2015) (petitioner's reliance on *Descamps* was misplaced "because the Supreme Court did not indicate in *Descamps* that its holding applies retroactively to cases on collateral review"); *Harris v. Coakley*, No. 4:14 CV 1463, 2015 WL 224951, at *4 (N.D. Ohio Jan. 15, 2015) ("the Supreme Court has not indicated an intent to apply *Descamps* retroactively to cases on collateral review"); *Jordan*, 2014 WL 6775239, at *3 ("*Descamps* does not apply retroactively to cases on collateral review"); *Hill*,

2014 WL 5460626, at *2 ("The Supreme Court has not held *Descamps* to be retroactively applicable to cases on collateral review[; o]ther courts have refused to give the decision in *Descamps* retroactive effect, both because it announces no new rule and because the Supreme Court has not held it to be retroactive," citing cases); *Foster v. United States*, No. 1:11-cv-184, 2014 WL 4450143, at *9 (E.D. Tenn. Sept. 10, 2014) ("The Supreme Court did not declare *Descamps* to be retroactive to cases on collateral review[; n]or has the Sixth Circuit so found.").[2] Accordingly, it is the opinion of this Court that Petitioner is not entitled to relief from his sentence as an armed career criminal in light of *Descamps*.

On August 21, 2015, Bohannon moved to supplement the Petition, asserting that the Supreme Court's June 26, 2015 decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), rendered his § 2255 claim timely. (D.E. 15.) It did not. Like Bohannon, Johnson was convicted of being a felon in possession of a firearm. *Johnson*, 135 S. Ct. at 2556. The government sought an enhanced sentence under the ACCA, which, as alluded to above, defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another; or . . . is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that*

---

[2]On August 22, 2014, Bohannon filed a motion asking the Court to take "judicial notice" of the United States Supreme Court's decision in *Olten v. United States*, 134 S. Ct. 639 (2013). (D.E. 13.) The district court denied Olten's § 2255 motion, holding that his prior California burglary convictions qualified as violent felonies and therefore could be used to enhance his sentence under the ACCA, and declined to issue a certificate of appealability. *Olten v. United States*, No. 12-4070-CV-C-NKL-P, 2012 WL 4215858, at *1-2, 4 (W.D. Mo. Sept. 19, 2012). His application for a certificate of appealability filed in the Eighth Circuit Court of Appeals was denied. *Olten v. United States*, No. 12-3629, 2013 WL 10093377, at *1 (8th Cir. Mar. 15, 2013). On appeal to the Supreme Court, the judgment was vacated and the case remanded to the appeals court for further consideration in light of *Descamps*. *Olten*, 134 S. Ct. 639. Bohannon argues that the remand "effectively shows the intentions of the Supreme Court when dealing with the issue of [r]etroactivity as it pertains to *Descamps*." (D.E. 13 at 1.) No courts in this Circuit of which the undersigned is aware has adopted the view espoused by the Petitioner. Rather, they continue to hold that *Descamps* has no retroactive effect on collateral review. *See supra* pp. 5-6.

*presents a serious potential risk of physical injury to another*[.]" *Id.* at 2555-56; 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized language has become known as the ACCA's residual clause. *Johnson*, 135 S. Ct. at 2555-56. The trial court concluded that Johnson's prior offense of unlawful possession of a short-barreled shotgun qualified as a violent offense under the residual clause, and the appellate court agreed. *Id.* at 2556. The Supreme Court reversed, holding that the residual clause was void for vagueness in violation of the Constitution's guarantee of due process. *Id.* at 2554, 2563. In doing so, however, the Court made clear that its decision called into question neither the application of the ACCA to the four offenses enumerated therein nor the remainder of its definition of a violent felony. *Id.* at 2563. The offense at issue here -- burglary under Tennessee Code Annotated § 39-14-403 -- is one of those enumerated offenses and, therefore, does not fall under the residual clause addressed in *Johnson*. *See United States v. Bailey*, ___ F. App'x ___, 2015 WL 4257103, at *3 (6th Cir. July 15, 2015) (per curiam) (Tennessee's aggravated burglary statute -- § 39-14-403 -- "constitutes a violent felony under the ACCA's enumerated-offense clause"); *United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007) (same). Accordingly, *Johnson* has no application to this case. *See United States v. Castle*, ___ F. App'x ___, 2015 WL 5103093, at *5 (6th Cir. Aug. 31, 2015) ("Post-*Johnson*, an individual cannot be considered an 'armed career criminal' due to past 'violent felony' convictions unless the qualifying crimes involved an element of force; were *burglary*, arson, or extortion; or involved the use of an explosive."); *Simpson v. Cross*, Case No. 15-cv-817-DRH, 2015 WL 4761148, at *2 (S.D. Ill. Aug. 12, 2015) ("Petitioner is reminded that *Johnson* did not invalidate the ACCA in its entirety. Prior violent felonies that were *properly* determined at sentencing to fall . . . into the category of one of the enumerated offenses [including burglary] remain valid predicate offenses for purposes of sentencing enhancements

under the ACCA."); *Haugabook v. United States*, Civ. Case No. 8:15-cv-1756-T-24TBM, 2015 WL 4605750, at *3 (M.D. Fla. July 30, 2015) (where habeas petitioner's underlying conviction was burglary and, therefore, did not come under the residual clause, he could not rely on *Johnson* to cure the untimeliness of his petition), *app. filed* (11th Cir. Sept. 1, 2015); *Williamson v. United States*, No. 7:13-CV-194-FL, 2015 WL 4130863, at *5 & n.3 (E.D.N.C. July 8, 2015) (*Johnson* had no effect on the outcome of § 2255 petition challenging classification of state conviction as an ACCA burglary predicate offense).

Bohannon submits that, even if his § 2255 claim is untimely, relief is appropriate in the form of a writ of *audita querela*, which is a "common law writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise." *Frost v. Snyder*, 13 F. App'x 243, 245 n.1 (6th Cir. 2001). The writ "can be used to provide post-conviction relief in certain situations[;] those situations are limited. Since it requires satisfaction of the judgment, it can only be used when the petitioner has served his or her sentence and been released from custody." *Id.* (internal quotation marks omitted); *see also Gonyea v. United States*, No. 15-10268, 2015 WL 357173, at *2 (E.D. Mich. Jan. 27, 2015) (same), *app. filed* (6th Cir. Feb. 26, 2015). Bohannon has not served his sentence and been released from custody. Moreover, "the Sixth Circuit and its sister circuits have held that a criminal defendant cannot invoke the writ of *audita querela* or other such common law writs to pursue a claim . . . that would be cognizable in a motion under 28 U.S.C. § 2255[.]" *United States v. Kirksey*, No. 00-CR-80654, 2009 WL 1470219, at *1 (E.D. Mich. May 26, 2009); *see also United States v. McKinney*, No. 07-CR-20526-01, 2014 WL 5847580, at *1-2 (E.D. Mich. Nov. 12, 2014) (same).

Finally, the Petitioner insists that he is actually innocent. The United States Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the [AEDPA] statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). This finding is grounded in the notion that "[s]ensitivity to the injustice of incarcerating an innocent individual should not abate when the impediment is AEDPA's statute of limitations." *Id.* at 1932. Bohannon contends that he is actually innocent of being an armed career criminal. However, actual innocence under § 2255 means "actual innocence of the *underlying, substantive offense*." *Green v. Hemingway*, 67 F. App'x 255, 257 (6th Cir. 2003) (emphasis added); *see also King v. Terris*, No. 14-cv-14627, 2015 WL 3888163, at *4 (E.D. Mich. June 24, 2015) (same). Since he has not claimed he is actually innocent of being a felon in possession of a firearm, the crime of which he was convicted, Petitioner's untimely claim cannot be salvaged by his misplaced assertion of actual innocence of a sentencing enhancement.

## *CONCLUSION*

Because the issues presented by Bohannon are meritless, they are DISMISSED. The Clerk of Court is DIRECTED to enter judgment for the United States.

## *APPEAL ISSUES*

Twenty-eight U.S.C. § 2253 requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate. The COA must also indicate "which specific issue or issues satisfy" the required showing. 28 U.S.C. § 2253(c)(3). A "substantial showing" is made when the movant

demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). A COA does not require a showing that the appeal will be successful. *Id.* at 337. Courts, however, should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (per curiam).

In this case, for the reasons previously stated, the issues raised by the Petitioner lack substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure. *Id.* at 952. The Rule provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, the Rule also provides that, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons it denies a COA, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Rule 24(a), that any

appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is DENIED.[1]

IT IS SO ORDERED this 16th day of October 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] If Petitioner files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days of the entry of this order.