IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY BOHANNON, ) | |
| ) | |
|     Movant, ) | |
| ) | |
| VS. ) | No. 13-1255-JDT-egb |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |

ORDER DENYING MOTION FOR IMMEDIATE RULING
OR FOR RELEASE ON BOND AND
HOLDING CASE IN ABEYANCE PENDING *EN BANC* DECISION IN *STITT*

On October 4, 2016, the U.S. Court of Appeals for the Sixth Circuit vacated this Court's denial of Movant Timothy Bohannon's motion under 28 U.S.C. § 2255 and remanded for further proceedings. *Bohannon v. United States*, No. 15-6420 (6th Cir. Oct. 4, 2016). The case concerns Movant's eligibility for relief under *Johnson v. United States*, 135 S. Ct. 2351 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016). On October 13, 2016, the Court conducted a status conference. (ECF No. 26.) At that conference, the Government declined to concede that the Movant is eligible for a sentence of time served, instead recommending that the Court hold the case in abeyance pending the *en banc* decision in *United States v. Stitt*, 637 F. App'x 927 (6th Cir. 2016), *vacated and reh'g en banc granted*, 2016 WL 1658598 (6th Cir. Apr. 27, 2016).

The Sixth Circuit issued its mandate on October 28, 2016. (ECF No. 28.) Movant promptly filed a motion for an immediate ruling on his § 2255 motion or, in the alternative, for release on bond. (ECF No. 30.) Movant points out that the Sixth Circuit did not, as it has done in similar

cases, direct that this matter be held in abeyance pending the ruling in *Stitt*. Therefore, he contends it would be unfair to delay the proceeding.

While the Sixth Circuit did not explicitly state the case should be held in abeyance, it did direct the Court to "consider the effect on Bohannon's petition of *Johnson*, *Mathis*, and *United States v. Stitt*." The Court cannot consider the effect of *Stitt* on the petition until the *en banc* decision is issued. Therefore, Movant's motion for an immediate ruling is DENIED, and this case is held in ABEYANCE until the Sixth Circuit rules *en banc* in *Stitt*.

The Movant's alternative motion for release on bond is also DENIED. The Court has reviewed Movant's criminal file and the Presentence Investigation Report and concludes that bond is not warranted in this case.

IT IS SO ORDERED.

                               s/ **James D. Todd**
                               JAMES D. TODD
                               UNITED STATES DISTRICT JUDGE