IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY BOHANNON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| VS. ) | No. 13-1255-JDT-egb |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER DENYING MOTION TO RECONSIDER

On October 2, 2016, the Court denied Movant's request for an immediate ruling on his § 2255 motion or, in the alternative, for release on bond. (ECF No. 31.) He has now filed a motion to reconsider, asserting that the Court applied an incorrect standard for determining whether bond is appropriate. (ECF No. 32.)

There is no statutory authority for releasing a prisoner on bond pending a ruling in a § 2255 proceeding; however, district courts have the inherent power to grant bail. *See Jago v. U.S. Dist. Ct.*, 570 F.2d 618, 622 (6th Cir. 1978). The movant "must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964)); *see also Morgan v. United States*, No. 93-2267, 1994 WL 182141, at *1 (6th Cir. May 11, 1994) ("Exceptional circumstances must exist to warrant granting bail, along with a substantial likelihood of success in the § 2255 motion.").

Movant contends that exceptional circumstances are present in this case because he will be entitled to immediate release if his § 2255 is granted. However, the Court finds that possibility alone does not constitute the kind of exceptional circumstance deserving of special treatment that warrants the granting of bond. Moreover, the Movant has not shown a substantial likelihood of success of the merits. While the outcome of the Sixth Circuit's *en banc* decision in *United States v. Stitt*, 637 F. App'x 927 (6th Cir. 2016), *vacated and reh'g en banc granted*, 2016 WL 1658598 (6th Cir. Apr. 27, 2016), could be favorable to Movant, the Court is not persuaded that the Court of Appeals will interpret *Mathis v. United States*, 136 S. Ct. 2243 (2016), as requiring modification of the panel opinion.

Movant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE