IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY WAYNE BOHANNON, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | |
| VS. | ) | Civ. No. 13-1255-JDT-egb |
| | ) | Crim. No. 05-10080-JDT |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

ORDER GRANTING MOTION PURSUANT TO 28 U.S.C. § 2255

Timothy Wayne Bohannon was convicted by a jury on September 24, 2007, on two counts of possessing firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). (No. 05-10080, Crim. ECF Nos. 38 & 39.) At sentencing this Court determined, based on his prior Tennessee state-court convictions for aggravated burglary, that Bohannon qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See also* U.S.S.G. § 4B1.4. He was sentenced to a 180-month term of imprisonment and a three-year term of supervised release. (No. 05-10080, Crim. ECF Nos. 46 & 47.) Bohannon filed an appeal, but it was later voluntarily dismissed. (*Id.*, Crim. ECF No. 58, *United States v. Bohannon*, No. 08-5016 (6th Cir. Feb. 11, 2008).)

Bohannon filed a *pro se* motion pursuant to 28 U.S.C. § 2255 on September 9, 2013. (ECF No. 1.) Relying on the decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), he contended that his ACCA-enhanced sentence was unlawful. Bohannon filed a

supplemental § 2255 motion on August 21, 2015, arguing that his sentence also was unlawful under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 15.) On October 15, 2015, U.S. District Judge J. Daniel Breen denied Bohannon's *Descamps* claim as untimely and found that he was not entitled to relief under *Johnson* because his prior aggravated burglaries were categorical violent felonies under the ACCA's enumerated offenses clause. (ECF No. 16.) Bohannon appealed, and the Sixth Circuit granted a certificate of appealability on the *Johnson* claim. (ECF No. 20.) The Court of Appeals subsequently granted the parties' joint motion to vacate and remand based on the decisions in *Johnson* and *Mathis v. United States*, 136 S. Ct. 2243 (2016), and the grant of rehearing in *United States v. Stitt*, 637 F. App'x 927 (6th Cir. 2016), *vacated and reh'g en banc granted*, 2016 WL 1658598 (6th Cir. Apr. 27, 2016). (ECF No. 22, *Bohannon v. United States*, No. 15-6420 (6th Cir. Oct. 4, 2016).) The case was then reassigned to the undersigned Judge. (ECF No. 23.)

Counsel was appointed for the Movant (ECF No. 24), and the Court held a status conference on October 13, 2016. After discussion, the Court determined that whether Bohannon's Tennessee convictions for aggravated burglary could still be used to qualify him as an armed career criminal would depend on the outcome of the rehearing in *Stitt*; therefore, the case was held in abeyance. (ECF No. 26.) The Sixth Circuit has now issued its *en banc* decision in *Stitt*, holding that a conviction under Tennessee's aggravated burglary statute, Tenn. Code Ann. § 39-14-403, is not a violent felony for purposes of the ACCA. *United States v. Stitt*, — F.3d — , 2017 WL 2766326 (6th Cir. June 27, 2017).

2

Bohannon has filed a motion asking that his § 2255 motion be granted immediately and that an amended judgment for time served be entered in the criminal case. (ECF No. 34.) The United States does not oppose that motion. (ECF No. 35.) Therefore, because Bohannon no longer qualifies as an armed career criminal under the ACCA, he is entitled to relief from the enhanced sentence that was imposed pursuant to that statute. The motion under 28 U.S.C. § 2255 is GRANTED. The judgment in the criminal proceeding is hereby SET ASIDE. The Clerk is directed to prepare an amended criminal judgment sentencing Bohannon to time served and three years of supervised release.

The Clerk is also directed to prepare a judgment in this civil case.

IT IS SO ORDERED.

             s/ **James D. Todd**
            JAMES D. TODD
            UNITED STATES DISTRICT JUDGE